IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LEE ANDREW KENNEDY, )
)
Plaintiff, )
)
v. ) CASE NO. 2:12-CV-525-TMH
)
SAM'S CLUB, et al., )
)
Defendants. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 action filed by Lee Andrew Kennedy ["Kennedy"], an indigent county inmate, in which he challenges actions related to a criminal charge lodged against him for theft of property. *Complaint - Doc. No. 1* at 4-6. Kennedy names Sam's Club, a wholesale warehouse retail establishment, Jeff Young, a manager at Sam's Club, the Montgomery Police Department and Jeffery Wayne Solomon, a detective with the police department and the arresting officer on the challenged charge, as defendants in this cause of action. The plaintiff seeks declaratory relief, monetary damages and dismissal of the pending criminal charge. *Id*. at 6.

Upon thorough review of the complaint, the court concludes that summary dismissal of the majority of defendants and claims is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i)

and (ii).[1]

## II. DISCUSSION

### A. Claims Against Sam's Club and Jeff Young

Kennedy maintains Sam's Club and Jeff Young acted in violation of his constitutional rights when Young accused him of stealing merchandise. This claim entitles Kennedy to no relief.

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by persons acting under color of state law or persons whose conduct is fairly attributable to the State. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,"' *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)

[1] The court entered an order granting Kennedy leave to proceed *in forma pauperis* in this cause of action. *Order of June 21, 2012 - Doc. No. 4*. Consequently, this court must screen the complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires dismissal of a prisoner's civil action and/or claims presented therein prior to service of process if it determines that such is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

(quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948))." *American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985. Consequently, the Eleventh Circuit has repeatedly insisted "that state action requires ***both*** an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' ***and*** that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)." *Id*.

It is clear to the court that Sam's Club and Jeff Young did not act under color of state law with respect to the actions about which Kennedy complains; rather, the criminal charge lodged by these defendants against Kennedy resulted from "merely private conduct" excluded from the reach of § 1983. In light of the foregoing, the court concludes that the claims presented against Sam's Club and Jeff Young are frivolous and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

**B. The Montgomery Police Department**

A city police department "is not a legal entity and, therefore, is not subject to suit or liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the claims against the Montgomery Police Department are due to be dismissed as frivolous pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

**C. The Criminal Charge**

Kennedy challenges the constitutionality of the criminal charge pending against him for theft of property and seeks dismissal of this charge. This relief, however, is not warranted.

Under the decision issued by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Kennedy has an adequate remedy at law regarding any claims relative to the propriety of the pending criminal charge because he may pursue these claims through the state court system, including the trial court and the state appellate courts, in the state criminal proceedings. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Moreover, the plaintiff has not alleged the existence of any special circumstance which creates a threat of irreparable harm. The mere fact that Kennedy must endure state criminal proceedings, which could result in conviction and sentence, fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court is therefore compelled to abstain from considering the merits of Kennedy's claims which place into question the constitutionality of the criminal charge pending against him for theft of property as these claims are not cognizable in a 42 U.S.C. § 1983 action at this time. *Id*. at 43-44.

Consequently, dismissal of the request for relief from the pending charge is appropriate pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against Sam's Club, Jeff Young and the Montgomery Police Department be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. Sam's Club, Jeff Young and the Montgomery Police Department be DISMISSED as defendants in this cause of action.

3. To the extent the plaintiff presents claims challenging the constitutionality of a criminal charge pending against him for theft of property, these claims be DISMISSED without prejudice under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

4. The plaintiff's remaining claims for relief against defendant Jeffery Wayne Solomon alleging he falsely arrested the plaintiff and discriminated against him in making the arrest be referred back to the undersigned for additional proceedings.

It is further

ORDERED that on or before July 12, 2012 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of June, 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE